IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00422-GPG

EMMIT JAMES COMPITO,

    Applicant,

v.

FRANCES FALK, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondent.

---

## ORDER OF DISMISSAL

---

    Applicant is in the custody of the Colorado Department of Corrections and is incarcerated at the Limon Correctional Facility in Limon, Colorado.  He filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that challenges his conviction in El Paso County District Court Case No. 03CR2941 for first degree burglary, multiple counts of aggravated robbery, one count of conspiracy to commit first degree burglary and aggravated robbery, crime of violence, one count of menacing, one count of theft, one count of false imprisonment, and three counts of contributing to the delinquency of a minor.  Applicant was sentenced on August 3, 2004, to a total of thirty years of incarceration in the DOC.

    Magistrate Judge Boyd N. Boland directed Applicant to amend the Application, which he did on March 11, 2014.  In the Amended Application, Applicant asserts seven claims.  Respondents then were ordered to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. 2254(b)(1)(A).  Respondents filed a Pre-Answer Response on April 29, 2014, and Applicant replied to the Response on May 29, 2014.

After a preliminary review of this case and a second 28 U.S.C. § 2254 case, *Compito v. Falk, et al.*, No. 14-00333-GPG (D. Colo. Filed February 14, 2014), that Applicant filed in this Court challenging his state criminal conviction in Case No. 03CR2941, Magistrate Judge Boland ordered the state court record in Case No. 03CR2941 to facilitate this Court's initial review in this case and in Case No. 14-cv-00333-GPG.

Then, upon review of the Response and Reply, the state court registry for Criminal Case No. 03CR941, ECF No. 16-1, and also the state court files in Case No. 03CR2914, on October 7, 2014, Magistrate Judge Boland entered an order that found the action is timely under 28 U.S.C. § 2244(d) and that Applicant has a postconviction motion pending on appeal in state court. Magistrate Judge Boland directed Applicant to show cause within thirty days why the Application should not be dismissed as a mixed petition pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982), because the Application contains both exhausted and unexhausted claims.

In the October 7, 2014 Order, Applicant was informed as follows. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal

habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose*, 455 U.S. at 522; *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Applicant was told that to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. Further, that if he desired to pursue all of his claims in federal court the habeas action would be dismissed without prejudice so that he may exhaust state remedies. He then would be able to file a new application for a writ of habeas corpus once all of his claims are exhausted.

Applicant also was informed that a decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. *See* 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d) unless a properly filed collateral proceeding is pending in state court during the same time. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first

3

federal habeas petition"). Finally, Applicant was informed that even if the instant action currently is timely under § 2244(d) it does not mean that any future action filed by Applicant will be timely.

Applicant was instructed that if he fails to provide a clear response indicating his intentions he will have failed to show cause as directed, and the Court would dismiss the instant action as a mixed petition.

On October 30, 2014, Applicant filed a pleading titled, "Petitioner's Motion to Show Cause," ECF No. 27. In the Motion, Applicant states as follows:

> Applicant arguably agrees with the Honorable United States District Court that in the interest of justice, his best plan of review with this liberty interest would be for the Court to Dismiss his unexhausted claims while he retruns [sic] back to the State court for relief on the unexhausted claims. The only relief in which Applicant knows that would permit him to pursue his unexhausted claims in State court would fall under Crim. P. 35(A) To Correct an Illegal Sentence. "Correction of an illegal sentence in State court renews the three-year time bar set by Section 16-5-402(1). C.R.S. (2007), for bringing collateral attacks on the defendant's original sentence, *People v. Leyva*, No. 05CA07-92, 2006 Colo. App. Lexus 2140, 2006 WL 3803942 (Colo. App. Dec. 28, 2006).

ECF No. 27 at 4. Applicant also states in the Motion that

> [He] does have a properly filed postconviction motion 35(c) motion pending on appeal which should satisfy the 1-year exception for returning to federal court after the unexhausted claims are exhausted. . . .
>
> Therefore, if this Honorable court deems that the State corrective process as it applies to Colo. R. Crim. P. 35(A), would not be sufficient to address the merits of claims and claims Four and Seven and as to claims One and Three lacking specificity the Respondents do not show just what that specificity is as to their misunderstanding.
>
> Applicant moves this Honorable Court to Order that his Motion to Show Cause be granted based upon constitutional standards, and determine whether the merits of these claims are properly before the Court for Fair assessment pursuant to 28 U.S.C. § 2254(d)(2). . . .

ECF No. 27 at 4-5.

Applicant concedes he has unexhausted claims and does not address Respondents' argument that Claim Six is at issue in the postconviction motion Applicant

has pending in the Colorado Court of Appeals. Furthermore, his arguments are convoluted and do not provide a clear response indicating his intentions. Therefore, because Applicant has failed to comply with the October 7, 2014 Order, the Court will dismiss the action without prejudice as a mixed petition.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the October 7, 2014 Order to Show Cause is discharged. It is

FURTHER ORDERED that the Application is denied and the action DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that *in forma pauperis* status on appeal is denied.

DATED at Denver, Colorado, this  17th  day of   December  , 2014.

                                                BY THE COURT:

                                                s/Lewis T. Babcock
                                                LEWIS T. BABCOCK, Senior Judge
                                                United States District Court